IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BRADLEY J PETERMAN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:14-CV-00182 (MTT) (CHW) |
| | : | |
| Warden ANTHONY WASHINGTON, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Petitioner was indicted on October 25, 2005 in Bleckley County for manufacturing of methamphetamine and other crimes. Doc. 8-3, p. 43. On March 23, 2006, Petitioner was found guilty following a consolidated bench trial of :manufacturing methamphetamine, possession of a firearm during the commission of a crime, possession of a firearms by a conceited felon, possession of more than 300 pseudoephedrine pills, and possession of less than an ounce of marijuana. *Id*. Petitioner was sentenced to an aggregate terms of twenty five years to serve. *Id.* at 44. Petitioner appealed his conviction and sentence, which were affirmed on May 5, 2009. *Id.* at 56-61.

Petitioner challenged his convictions in Bleckley County on June 14, 2013 by filing a state habeas corpus petition. Doc. 8-1. The state habeas court denied relief on December 23, 2013. Doc. 8-2. Petitioner did not file an application for a certificate of probable cause in the Georgia Supreme Court, and the thirty-day period for filing an application has expired.

Petitioner filed his federal habeas petition on May 12, 2014. Doc. 1.

1

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitioners for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Ordinarily, as here, AEDPA's 1-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was found guilty in Bleckley County on March 23, 2006. Doc. 8-3, p. 43. Petitioner's conviction and sentence were affirmed by the Georgia Court of Appeals on May 5, 2009. *Id.* at 56. Petitioner had ten days from May 5, 2009 to move for reconsideration or file a notice of intent to apply for certiorari to the Georgia Supreme Court under Rule 38 of the Georgia Supreme Court's Rules and Rule 38 of the Georgia Court of Appeals' Rules. Petitioner did neither. Therefore, his conviction was "final" on Friday, May 15, 2009.

From that date, Petitioner had one year, or until May 17, 2010,[1] either to file a timely petition for federal habeas relief or to file an application for state post-conviction or other collateral review, thereby tolling AEDPA's limitation period. 28 U.S.C. § 2244(d)(2). Because Petitioner did not file his state habeas petition until June 14, 2013, (Doc. 8-1, p. 1), and because Petitioner filed no other application for State post-conviction review, the time for Petitioner to file a timely petition for federal habeas relief expired on May 17, 2010 and the instant Petition is untimely.

District Courts may equitably toll AEDPA's limitations period where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). In this case, though, Petitioner did not argue that he is entitled to equitable tolling, and nothing in the record indicates that Petitioner is, in fact, entitled to equitable tolling. Accordingly, it is **RECOMMENDED** that

---

[1] May 15, 2010 fell on a Saturday.

Respondent's Motion to Dismiss be **GRANTED**, and that the instant Petition be **DISMISSED**. Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order, as well as **DENY** as moot Petitioner's other pending motions: to Release (Doc. 13); for Release (Doc. 15); and for Certificate of Probable Cause (Doc. 23). Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within <u>fourteen (14) days</u> after being served with a copy thereof.

      **SO RECOMMENDED**, this 12th day of January, 2015.

                              s/ Charles H. Weigle
                              Charles H. Weigle
                              United States Magistrate Judge