IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BRADLEY J PETERMAN, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-182 (MTT) |
| Warden ANTHONY WASHINGTON, | ) |
| Respondent. | ) |

## ORDER

Before the Court is a Report and Recommendation of United States Magistrate Judge Charles H. Weigle (Doc. 24) on the Respondent's motion to dismiss (Doc. 7). The Magistrate Judge recommends granting the motion to dismiss because the Petitioner failed to file his § 2254 habeas petition within the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA") and showed no basis for equitable tolling. The Magistrate Judge further recommends denying a certificate of appealability because the Petitioner has not made a substantial showing of the denial of a constitutional right. The Petitioner has filed an objection to the Recommendation (Doc. 26) and an amendment to his objection (Doc. 27).

Specifically, the Petitioner (1) objects to the Magistrate Judge's recommendation to deny a certificate of appealability; (2) objects to the Magistrate Judge's finding that the Petitioner did not file an application for a certificate of probable cause; (3) argues Georgia law governs the limitations period and claims that law is unconstitutional; (4) argues equitable tolling applies because the superior court clerk failed to docket the

Petitioner's timely filed state habeas petition; and (5) claims the state habeas evidentiary hearing was insufficient. (Docs. 26; 27).

In this case, AEDPA's one-year period of limitations began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Georgia Court of Appeals affirmed the Petitioner's conviction and sentence on May 5, 2009. (Doc. 8-3 at 56). The Petitioner had ten days to move for reconsideration or file a notice of intent to apply for certiorari to the Georgia Supreme Court. *See* Ga. S. Ct. Rule 38(1) ("Notice of intention to apply for certiorari shall be given to the Clerk of the Court of Appeals within 10 days after the date of entry of judgment … ."); Ga. Ct. App. Rule 37(b) ("Motions for reconsideration shall be filed within 10 days from the rendition of the judgment or dismissal."). Because the Petitioner did neither, his conviction became "final" on May 15, 2009. Under AEDPA, the Petitioner had until May 17, 2010,[1] to file his federal habeas petition or toll the one-year limitations period by properly filing an application for State post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2). He did neither. The Petitioner did not seek State post-conviction or other collateral review until he filed his state habeas petition on June 14, 2013. (Doc. 8-1 at 1). The Petitioner filed his federal habeas petition on May 12, 2014. (Doc. 1).

While it appears the Petitioner made some effort to apply for State post-conviction review in 2013, and raises objections concerning the Magistrate Judge's treatment[2] of those efforts, that has no bearing on whether the federal limitations period

---

[1] May 15, 2010, fell on a Saturday.

[2] It appears the Petitioner did file an application for a certificate of probable cause. (Docs. 12 at 1; 12-1; 26-1).

-3-

ran in 2010.[3] Similarly, the Petitioner's argument regarding equitable tolling also relates to his application for State post-conviction review, and that too has no bearing on whether the federal limitations period ran several years earlier.  Therefore, the Petitioner's federal habeas petition is untimely and he is not entitled to equitable tolling.

The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the Order of this Court.  Accordingly, the Respondent's motion to dismiss is **GRANTED**, and the petition is **DISMISSED**.  Further, the Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  Therefore, a certificate of appealability is **DENIED**.  The Plaintiff's pending motions (Docs. 13; 15; 23; 25) are **DENIED as moot.** Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

**SO ORDERED**, this 5th day of March, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Petitioner's quarrel with the Georgia statute of limitations for state habeas relief also has nothing to do with whether his federal habeas petition was timely filed under AEDPA.